IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LES AARON YAUGER, FG-2423, )
    Petitioner, )
)
    v. )   2:16-cv-72
)
COM. OF PENNSYLVANIA, et al., )
    Respondents. )

MEMORANDUM OPINION and ORDER

Les Aaron Yauger, an inmate at the State Correctional Institution-Brenner Township has presented a petition for a writ of habeas. For the reasons set forth below, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Yauger is presently serving a 58 to 158 month sentence imposed upon his plea of guilty to charges of burglary, possession with intent to deliver and theft by receiving stolen property at Nos. 2184 of 2012, 985 of 2012, 1166 of 2011 and 1997 of 2013 in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on May 28, 2014.[1] No appeal was filed.[2]

A post-conviction petition was filed on August 8, 2014.[3] That petition was denied on December 23, 2014[4], and no appeal was pursued.[5] A motion for modification of sentence was filed on May14 2015 and was denied that same month.[6] No appeals were pursued.[7]

The instant petition was filed on January 15, 2016. In his petition Yauger contends he is entitled to relief on the following grounds:

    1. Plea unlawfully induced in breach of the plea agreement.
    2. He was not given credit for time served and his sentences were imposed consecutively.

---

[1] See: Petition at ¶¶ 1-6.
[2] Id. at ¶ 8.
[3] See for Example, Appx. p.28.
[4] Id. at pp.180-181.
[5] Id. at p.33.
[6] Id. at p. 34.
[7] Id. at pp.34-37.

Because there are no written opinions in this case setting forth the factual background, we incorporate herein an abbreviated summary as set forth in the response which is supported by the relevant docket entries:

> Petitioner Les Aaron Yauger was charged in four criminal cases in Fayette County, Pennsylvania that were eventually resolved at the same time… On April 3, 2013 Yauger pled guilty in … three cases in exchange for an agreed-upon sentence of forty (40) to eighty (80) months. After the entry of Yauger's plea, but before his sentencing, Yauger cooperated with the Commonwealth in the investigation of a Fayette County attorney who was bringing contraband into the booking center located in the Uniontown police station. During this same time period, Yauger was charged with [a fourth offense]. On July 30, 2013, Yauger withdrew his original guilty plea… In light of Yauger's cooperation, the [prosecutor] offered him a plea agreement that would resolve all four of his outstanding cases in exchange for a term of incarceration of thirty (30) to eighty (80) months ... Yauger apparently felt that this plea deal did not sufficiently reward his cooperation and emphatically rejected it. On February 3, 2014, the attorney for the Commonwealth presented Yauger with a copy of the proposed plea agreement and had him acknowledge [in writing] that he was rejecting the offer…Yauger then proceeded to enter a general guilty plea in all four … cases. Yauger completed a written plea colloquy with the assistance of counsel and then executed an oral colloquy before the court ... In the written colloquy it was repeatedly made clear that this was a general or open plea and that there was no plea bargain between Yauger and the Commonwealth… (record references omitted).[8]

It is the resulting imposed sentence that petitioner seeks to challenge here.

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

(1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[8] See: Response at pp.2-3. Petitioner specifically rejected the plea offer on February 3, 2014 (Appx. p. 120).

(D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

An untimely post-conviction petition is not "properly filed". Pace v. DiGulglielmo, 544 U.S. 408 (2005).

In the instant case, sentence was imposed on May 28, 2014 and no appeal was pursued. Thus his conviction became final on June 27, 2014 when the time in which to seek such review expired. Gonzalez v. Thaler, 132 S.Ct. 641 (2012). [9] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner sought post-conviction relief on August 8, 2014, and relief was denied on December 23, 2014. Again, no appeal was pursued. The instant petition was filed on January 15, 2016 or over a year after the post-conviction petition was dismissed. For this reason, the petition here is time barred.

However, equitable relief from the time bar may be granted for good cause shown. Holland v. Florida, 560 U.S. 631, 645 (2010). No such showing is made in the submissions here.. At best, the petitioner suggests that confusion existed in the plea/plea withdrawal process.

However, even if not time barred, petitioner seeks to challenge the sentence imposed following his entry of a guilty plea. A federal challenge to a guilty plea may only be made on the grounds that the plea was not knowingly and voluntarily entered with the assistance of competent counsel. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). [10]

In his final written guilty plea colloquy executed on February 3, 2014, after acknowledging his rights Yauger represented that no plea agreement had been entered; that his plea was voluntarily, knowingly and intelligently entered; that he was satisfied by his representation and that he acknowledged committing the crimes charged.[11] In open court,

---

[9] Pa. R. App. P. 903(a).
[10] Yauger also seeks to challenge the manner in which his sentence was calculated. This allegation goes beyond the scope of a habeas petition seeking to challenge a guilty plea. Bradshaw, supra.
[11] See: Appx. at pp. 130-133.

3

counsel acknowledged that petitioner intended to enter a general guilty plea and the petitioner acknowledged his guilt.[12] Thus, there is no basis in the record to challenge the plea.

Because there is no demonstration that the petitioner's conviction was secured in any manner contrary to federal law as determined by the Supreme Court nor involved an unreasonable application of that law, he is not entitled to relief here. For this reason, the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

s/ Robert C. Mitchell
Filed: April 28, 2016   United States Magistrate Judge

---

[12] See: Exhibit L to the response.